**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1425

MARIA OLAYA SABOURI-YAZDI,

                Plaintiff - Appellant,

        v.

RED COATS, INC.; WILLIAM WARNECKI, in his individual and official
capacity; BLAINE WILSON, in his individual and official capacity,

                Defendants - Appellees,

        and

KEVIN ROHAN, in his individual and official capacity,

                Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Claude M. Hilton, Senior District Judge.  (1:17-cv-00691-CMH-IDD)

Submitted:  October 29, 2018                        Decided:  November 6, 2018

Before KING, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax,
Virginia, for Appellant.  Michael N. Petkovich, Amanda Vaccaro, JACKSON LEWIS

P.C., Reston, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Olaya Sabouri-Yazdi appeals the district court's order dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), her interference and retaliation claims brought under the Family Medical Leave Act (FMLA), 29 U.S.C.A. §§ 2601-2654 (West 2018), against defendants Blaine Wilson and William Warnecki in their individual capacities and the order granting summary judgment in favor of defendant Red Coats, Inc. ("Red Coats"). For the following reasons, we affirm.

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Carter v. Fleming*, 879 F.3d 132, 139 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted).

As of September 2016, Sabouri-Yazdi was the Human Resources ("HR") Manager for Cavalier, Inc. ("Cavalier"), and in August 2016, Cavalier approved Sabouri-Yazdi's request for maternity leave from September 19, 2016, to January 2, 2017. On September 21, 2016, a Cavalier executive informed Sabouri-Yazdi by telephone that Red Coats, Inc. ("Red Coats"), was in the process of acquiring Cavalier, and on September 22, Sabouri-

3

Yazdi attended a meeting to discuss the acquisition. Representatives of Red Coats told the Cavalier employees, including Sabouri-Yazdi, that Red Coats wanted the Cavalier employees to work for Red Coats after the acquisition became final on October 1, 2016. During the meeting, Sabouri-Yazdi informed Wilson, Red Coats' HR Manager, that she was currently on maternity leave covered by the FMLA. She did not tell Wilson when she intended to return to work and did not contact Red Coats between September 22 and December 22, 2016.

On December 22, 2016, Wilson called Sabouri-Yazdi to offer her a newly created HR position at Red Coats with a lower salary and fewer responsibilities than Sabouri-Yazdi's HR position at Cavalier. Sabouri-Yazdi told Wilson that the FMLA required Red Coats to offer her a position equivalent to her position at Cavalier. Wilson urged Sabouri-Yazdi to consider the offer over the Christmas holiday.

Sabouri-Yazdi and Wilson spoke by phone again on or about December 28, 2016, and Sabouri-Yazdi reiterated her belief that the FMLA obligated Red Coats to offer her an HR position equivalent to her position with Cavalier. Wilson reiterated that the newly created position was the only one that Red Coats would offer her. The parties dispute whether Sabouri-Yazdi rejected the offer or Wilson withdrew it, but Sabouri-Yazdi did not accept the position and did not work for Red Coats after December 28, 2016.

Sabouri-Yazdi argues that Red Coats violated her FMLA rights by refusing to restore her to her previous position or an equivalent position after her FMLA leave and retaliated against her by withdrawing the offer for the newly created HR position once she asserted her FMLA rights.

4

The FMLA grants employees the prescriptive right to take up to a total of 12 workweeks of leave during any 12-month period [for several enumerated purposes]. When returning from FMLA leave, an employee is also entitled to be restored to [her] previous position or an equivalent position, so long as [she] would have retained that position or an equivalent one absent the taking of leave. That is, there is no absolute right to restoration to a prior employment position. Nonetheless, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise an employee's FMLA rights.

To make out an interference claim under the FMLA, an employee must thus demonstrate that (1) [s]he is entitled to an FMLA benefit; (2) [her] employer interfered with the provision of that benefit; and (3) that interference caused harm.[1]

*Adams v. Anne Arundel Cty. Pub. Sch.*, 789 F.3d 422, 426-27 (4th Cir. 2015) (citations and internal quotation marks omitted); *see* 29 U.S.C.A. §§ 2612, 2614. It is also "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C.A. § 2615(a)(2). "To establish a prima facie retaliation claim under the FMLA, the plaintiff must demonstrate that [s]he engaged in protected activity, that the employer took adverse action against [her], and that the adverse action was causally connected to the plaintiff's protected activity." *Waag v. Sotera Def. Sols., Inc.*, 857 F.3d 179, 191 (4th Cir. 2017) (internal quotation marks omitted).

---

[1] Red Coats does not contest that it was a successor in interest to Cavalier under 29 C.F.R. § 825.107 (2018), and, thus, that it had the same obligations as Cavalier to Sabouri-Yazdi under the FMLA regardless of whether Sabouri-Yazdi was ever an employee of Red Coats. Red Coats also does not argue that the position that Wilson offered Sabouri-Yazdi on December 22, 2016, was equivalent to Sabouri-Yazdi's position with Cavalier within the meaning of § 2614.

In granting summary judgment in favor of Red Coats, the district court agreed with Red Coats' assertion that it is undisputed that Sabouri-Yazdi's 12-week period of FMLA leave began on September 19, 2016, and expired on December 12, 2016, and that, because she did not seek to return to work at that time, her right to restoration under § 2614 expired. We conclude that this determination is not erroneous. Sabouri-Yazdi asserts that the dates on which her FMLA leave period began and ended are disputed in light of her deposition testimony that she used a week of accrued paid leave instead of FMLA leave for the first week of her maternity leave, the fact that four paid holidays fell within her leave period, and her testimony that Cavalier approved her FMLA leave through January 2, 2017. Even if there is a genuine factual dispute as to whether Sabouri-Yazdi's 12 weeks of FMLA leave began on September 19 or September 26, that dispute is not material because a 12-week leave period beginning on September 26, 2016, would have expired on December 19, 2016, before the December 22 and 28 calls from Wilson.[2]

Moreover, if an employee is using FMLA leave in increments of a week or longer, "[f]or purposes of determining the amount of leave used by an employee, the fact that a

---

[2] In an affidavit executed after her deposition, Sabouri-Yazdi stated that she had two weeks of paid vacation and six days of paid time off as of September 19, 2016, and that she used her paid time off and vacation before using leave under the FMLA. Although she testified at her deposition that she had this amount of accrued paid leave, she also specifically testified that she used paid leave for the first week, beginning on September 19. To the extent that her affidavit contradicts her deposition testimony regarding her use of one week of paid leave from September 19 to September 26, that conflict cannot create a factual dispute sufficient to overcome a summary judgment motion. *See Shockley v. City of Newport News*, 997 F.2d 18, 23 (4th Cir. 1993).

holiday may occur within the week taken as FMLA leave has no effect; the week is counted as a week of FMLA leave." 29 C.F.R. § 825.200(h) (2018). Because Sabouri-Yazdi does not contend that she used FMLA leave in increments of less than a week, the four holidays that fell within her leave period did not extend that period.

Finally, while Cavalier was free to allow Sabouri-Yazdi to take more than the 12 weeks of leave required under the FMLA, § 2614 only protects a right to restoration for leave taken under § 2612. 29 U.S.C.A. §§ 2612, 2614. Sabouri-Yazdi cites no authority for the proposition that an employer who chooses to permit an employee to take additional leave extends the statutory period during which the employer is required to restore the employee to her position. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 84 (2002) (noting that FMLA guarantees eligible employees 12 weeks of unpaid leave each year but that "[t]he Act encourages businesses to adopt more generous policies").

Accordingly, there is no genuine dispute as to the fact that Sabouri-Yazdi's 12-week period of FMLA leave began, at the latest, on September 26, 2016, and expired, at the latest, on December 19, 2016. Because Sabouri-Yazdi did not seek to return to work at that time, her right to restoration under the FMLA also expired, and her claims that Red Coats and the individual defendants, Wilson and Warnecki, interfered with that right by virtue of the December 22 and 28 phone calls fail as a matter of law.[3] Similarly,

---

[3] *See Lucero v. Early*, 873 F.3d 466, 469 (4th Cir. 2017) (stating standard of review for denial of Rule 12(b)(6) motions).

because Sabouri-Yazdi was not engaged in activity protected by the FMLA on December 22 or December 28, she did not establish a prima facie retaliation claim even if Wilson did withdraw the offer in response to Sabouri-Yazdi's assertions that Red Coats was violating the FMLA.[4] *See* 29 U.S.C. § 2615(a)(2); *Waag*, 857 F.3d at 191.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] We need not address the district court's determination that it was undisputed that Red Coats would have taken the same actions with respect to Sabouri-Yazdi's employment status regardless of whether she took FMLA leave.

8